**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MCOM IP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BACKBASE U.S.A. INC., <br><br> Defendant. | No. 1:22-cv-02046-CM |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**BACKBASE U.S.A. INC.'S MOTION TO DISMISS**
**<u>FOR IMPROPER VENUE AND FAILURE TO STATE A CLAIM</u>**

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................ 1

II.  THE COMPLAINT SHOULD BE DISMISSED FOR IMPROPER VENUE ................... 1

    A.   MCom Has Failed to Satisfy Its Burden of Establishing that Venue Is Proper. .................................................................................................................. 1

    B.   MCom's Request for Venue Discovery Should Be Denied. ................................ 2

    C.   This Case Should Be Dismissed, Not Transferred, Because a Transfer Is Not In the Interests of Justice. ............................................................................... 5

III. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ........................................................................................................................ 6

    A.   MCom Fails to Articulate How the Complaint Pleads Sufficient Facts to Make Direct Infringement Plausible. .................................................................. 6

    B.   MCom's Induced Infringement Allegations Fall Along with Its Direct Infringement Allegations. .................................................................................... 8

    C.   MCom Fails to Address Backbase's Two Arguments regarding the Contributory Infringement Claim. ....................................................................... 8

IV.  CONCLUSION ............................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**

*Assaf v. Port Auth. of N.Y.*,
  20 Civ. 9460 (JPC), 2021 U.S. Dist. LEXIS 110807 (S.D.N.Y. June 14, 2021) ........................ 5

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021) ........................................................................................ 7

*Deskovic v. City of Peekskill*,
  673 F. Supp. 2d 154 (S.D.N.Y. 2009) ........................................................................... 6

*In re Cray*,
  871 F.3d 1355 (Fed. Cir. 2017) ..................................................................................... 4

*In re Volkswagen Grp. Of Am.*,
  28 F.4th 1203 (Fed. Cir. 2022) ..................................................................................... 2

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
  599 F.3d 102 (2d Cir. 2010) ......................................................................................... 5

*NetSoc, LLC v. Chegg Inc.*,
  No. 18-CV-10262 (RA), 2019 U.S. Dist. 171167 (S.D.N.Y. Oct. 2, 2019) ............................ 2, 5

*Rosco, Inc. v. Safety Vision LLC*,
  No. 19-CV-8933 (JMF), 2020 U.S. Dist. LEXIS 171830 (S.D.N.Y. Sep. 18, 2020) ................ 4

*Spar, Inc. v. Information Resources, Inc.*,
  956 F.2d 392 (2d Cir. 1992) ......................................................................................... 6

*World Skating Fed'n v. Int'l Skating Union*,
  357 F. Supp. 2d 661 (S.D.N.Y. 2005) ........................................................................... 6

**Statutes**

28 U.S.C. § 1406 ............................................................................................................ 5

## LIST OF EXHIBITS

Exhibit A    Declaration of Robert D. Gravois

Exhibit B    LexisNexis Public Records Search for Phone Number in MapQuest Listing

Exhibit C    Google Maps Directions from 254 W 15th St., New York, New York 10011 to 350 Broadway, New York, New York 10013.

**I.      INTRODUCTION**

Plaintiff mCom IP, LLC ("mCom") does not deny that it has failed to satisfy its burden of proving that venue is proper in this District. Instead, mCom asks for leave to conduct venue discovery based on (1) an antiquated MapQuest webpage identifying Backbase U.S.A. Inc.'s ("Backbase") *former* Broadway office in New York City that it closed *over nine years ago in 2013* and (2) Backbase's estimated four-to-six employees and contractors who are permitted to work remotely from their homes in this District. However, venue discovery is unwarranted because the evidence already of record in this case firmly establishes that Backbase did not have an office on Broadway (or anywhere else in this District) when mCom commenced this action and that the homes of the handful of Backbase's remote workers in this District do not constitute regular and established places of business of Backbase. MCom's request for venue discovery should be denied, and the Complaint should be dismissed.

With respect to the issue of whether the Complaint fails to state a claim, mCom fails to articulate how the factual allegations in the Complaint support an interference that all elements of at least one claim of the '508 Patent are satisfied by Backbase's Omni-Channel Digital Banking Platform. Instead, mCom resorts to arguing that *other* features described in the Backbase Marketing Brochure supposedly constitute the claimed "transaction usage data." In any event, mCom is unable to point to any factual allegations in the Complaint that would support an inference that all elements of at least one claim of the '508 Patent are satisfied. For these reasons, and those discussed in further detail below, mCom has failed to state a claim of patent infringement under 35 U.S.C. §§ 271(a)-(c). The Complaint should be dismissed in its entirety.

**II.     THE COMPLAINT SHOULD BE DISMISSED FOR IMPROPER VENUE**

    **A.      MCom Has Failed to Satisfy Its Burden of Establishing that Venue Is Proper.**

MCom does *not* deny that it has failed to meet its burden of proving proper venue. *See* Dkt. 20 at 4-5. MCom also does *not* argue that there is evidence establishing that Backbase either resides or has a regular and established place of business in this District. *See id.* Instead, the entirety of mCom's venue argument is spent asking for venue discovery based on mCom's speculation that it

might possibly uncover something that may suggest venue is proper. *See id.* Accordingly, there is no dispute that mCom has failed to satisfy its burden of establishing that venue is proper.

### B.    MCom's Request for Venue Discovery Should Be Denied.

MCom asserts that venue discovery is necessary "because [Backbase] has failed to conclusively prove lack of 'a regular and established place of business' in this district" and that the declaration of Backbase's Vice President of Customer Success "cannot possibly constitute reliable evidence for conclusively proving venue facts." Dkt. 20 at 4. MCom's attempt to flip the burden and require Backbase to "conclusively prov[e]" improper venue is improper. It is well-established that "[t]he burden to establish venue in patent infringement cases rests with the plaintiff," *In re Volkswagen Grp. Of Am.*, 28 F.4th 1203, 1207 (Fed. Cir. 2022), and mCom's failure to conduct a reasonable pre-filing investigation into venue does not entitle it to venue discovery now after the filing of the Complaint.

Moreover, mCom has failed to establish that venue discovery is appropriate. In determining whether to permit venue discovery, this Court considers whether the plaintiff has (1) provided fact-specific allegations or evidence that could support a finding that venue is proper and (2) made a showing that the discovery it seeks is likely to uncover additional facts that could support a finding of venue. *See NetSoc, LLC v. Chegg Inc.*, No. 18-CV-10262 (RA), 2019 U.S. Dist. 171167, *13 (S.D.N.Y. Oct. 2, 2019).[1] MCom has done neither.

First, mCom claims that an antiquated MapQuest webpage identifying Backbase' former Broadway office in New York City "suggest[s] that Backbase *may* still have a physical location in this District." Dkt. 20 (emphasis added) (citing Dkt. 20-2). However, Janice Rempe, Backbase's Vice President of Customer Success, has already addressed this issue and explained in her sworn declaration that "*[i]n the past,* Backbase had an office on Broadway in New York City." Dkt. 15-

---

[1] As explained in *NetSoc*, this Court has followed the approach of other district courts and applied Second Circuit law concerning jurisdictional discovery to requests for venue discovery. *See NetSoc*, 2019 U.S. Dist. LEXIS 171167, at *13.

3 at ¶ 10 (emphasis added). Ms. Rempe further explains in her declaration that "[t]he Broadway office was closed around spring of 2013." *Id.* Thus, Mr. Rempe's sworn declaration already establishes that Backbase closed the Broadway office *nine years ago* and that "Backbase has no offices, rental property, or real estate in the state of New York." *Id.* at ¶ 7.

Additionally, other information included in the MapQuest listing cited by mCom confirms that the MapQuest information is outdated and incorrect. Specifically, the MapQuest listing identifies Backbase's phone number as supposedly being (646) 478-7538. *See* Dkt. 20-2. However, that phone number is not currently in service. *See* Ex. A at ¶ 4 ("When I called the phone number provided on the MapQuest page, I heard a tone that I recognize as indicating that the phone number is out of service."). Furthermore, a public records search of the phone number though LexisNexis shows that the number was assigned to Backbase only from 2011 to 2013 (which aligns with Ms. Rempe's statement that the Broadway office was closed in 2013). *See* Ex. B (showing (646) 478-7583 as Backbase's phone number only from November 2011 to January 2013). Thus, the old MapQuest page relied upon by mCom does not show that venue discovery is likely to uncover additional facts that could support a finding of venue.

Moreover, mCom can easily see for itself that there is no Backbase office at that location, without the necessity of subjecting Backbase to the expense and burden of venue discovery. The office of mCom's counsel is located at 254 W 15th St., Apt. 2C, New York, New York 10011, which is only 15 minutes away from the Broadway location referenced in the MapQuest listing. *See* Ex. C (Google Maps directions). With mCom's counsel being so close to the Broadway location, mCom's counsel can easily visit the location and see for itself that Backbase is not there. Thus, to the extent mCom believes Backbase has a location on Broadway, it can investigate that belief (and find it untrue) without forcing Backbase to incur unnecessary expenses by participating in unwarranted venue discovery.

MCom also argues that venue discovery is necessary because "Backbase admits that it employs at least 4-6 employees and contractors in this District but provides no information about these employees." Dkt. 20 at 4. MCom's claim that Backbase has provided "no information about

these employees" is incorrect. MCom ignores that the declaration Ms. Rempe addresses the approximately four-to-six employees and contractors who are permitted to work remotely from their homes in this District and facts relevant to whether their homes can constitute a regular and established place of business. *See* Dkt. 15-3 at ¶¶ 13-14. MCom also ignores that Backbase's opening memorandum addresses each of the factors relevant to the determination of whether the remote workers' homes can constitute regular and established places of business of an Backbase. *See* Dkt 15 at 4-5 (addressing the factors articulated in *In re Cray*, 871 F.3d 1355, 1363-64 (Fed. Cir. 2017) and discussed in *Rosco, Inc. v. Safety Vision LLC*, No. 19-CV-8933 (JMF), 2020 U.S. Dist. LEXIS 171830, at *4 (S.D.N.Y. Sep. 18, 2020)). MCom does not (and cannot) identify any additional information that it would supposedly uncover through venue discovery that could support a finding of venue. Therefore, mCom fails to show that discovery relating to the small handful of Backbase's remote workers in the District is warranted.

Furthermore, it should not go unnoticed that mCom has not described its efforts (if any) in investigating venue before it filed the Complaint. MCom either knew or should have known that its allegations regarding Backbase having a "principle place of business located at 350 Broadway Room 1107, New York, NY 10013" (Dkt. 1 at ¶ 2) were false at least because the Marketing Brochure that mCom repeatedly cites in the Complaint identifies Backbase's headquarters as being in Atlanta and does not mention a New York office. *See* Dkt. 15-1 at 9. In light of mCom's false allegations and several other errors in the Complaint (such as the repeated venue and jurisdiction allegations based on activities occurring in *Texas*—not New York), it is clear that mCom failed to adequately investigate its allegations and give the filing of a lawsuit due care. *See* Dkt. 1 at ¶¶ 2, 4, 5 (venue and jurisdiction allegations based on alleged activity in Texas). MCom should not be rewarded with venue discovery after the filing of the Complaint when it is clear that it did not undertake sufficient efforts to ascertain venue before it filed suit.

In short, mCom filed this case in the wrong District because it failed to diligently investigate venue before commencing this action. MCom is unable to identify anything that it believes would be uncovered through venue discovery that could support a finding of venue. "To

permit [mCom] to obtain such venue discovery in this case would effectively authorize it to engage in 'an unfounded fishing expedition.'" *NetSoc*, 2019 U.S. Dist. LEXIS 171167, at *14. MCom's request for venue discovery should be denied.

### C. This Case Should Be Dismissed, Not Transferred, Because a Transfer Is Not In the Interests of Justice.

When an action has been filed in the wrong district, the Court "shall dismiss" the action "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Generally, the party requesting transfer carries the 'burden of making out a strong case for transfer.'" *Assaf v. Port Auth. of N.Y.*, 20 Civ. 9460 (JPC), 2021 U.S. Dist. LEXIS 110807, at *13 (S.D.N.Y. June 14, 2021) (quoting *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010)). A transfer under § 1406 "is designed to avoid the injustice which has often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn, but is not meant to reward plaintiffs for their lack of diligence in choosing a proper forum." *Assaf*, 2021 U.S. Dist. LEXIS 110807, at *14.

In responding to the present motion, mCom does not contend that it is in the interest of justice to transfer this case to another district court under 28 U.S.C. § 1406(a). *See generally* Dkt. 20 at 4-5. Accordingly, this action should be dismissed, not transferred, because mCom has not even attempted to meet its burden for making a case for transfer.

Additionally, a transfer is inappropriate here because mCom filing of this action in the wrong district was the result of mCom's own failure to diligently investigate venue before filing suit. Had mCom conducted a reasonable prefiling investigation, it would have learned that the Broadway office cited in the Complaint as supposedly being Backbase's "principal place of business" was closed *over nine years ago in 2013* and that Backbase did not have any physical place of business in this District when mCom filed the Complaint. Indeed, the same Backbase Marketing Brochure that mCom cites in the Complaint does not identify any New York offices, which should have alerted mCom to the fact that the Backbase's principal place of business was

not in New York. *See* Dkt. 15-1 at 9. Additionally, a reasonable pre-filing investigation should have included at least a review of Backbase's website, which clearly shows that Backbase does not have any New York offices. *See* Dkt. 15-4 (Backbase "contact us" webpage). Thus, mCom knew or should have known that venue was not proper in this District when it filed this action, and it would not be in the interests of justice to reward mCom by transferring this case. *See Spar, Inc. v. Information Resources, Inc.*, 956 F.2d 392, 394 (2d Cir. 1992) ("[W]e conclude that allowing a transfer in this case would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice."); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 173 (S.D.N.Y. 2009) ("[D]ismissal is appropriate ... when the case ... was brought with knowledge that venue was improper, or would otherwise reward plaintiffs for their lack of diligence in choosing a proper forum." (quotations and citations omitted)); *World Skating Fed'n v. Int'l Skating Union*, 357 F. Supp. 2d 661, 667 (S.D.N.Y. 2005) ("Section 1406 should not be a panacea for lawyers who bring suits in jurisdictions where they know or should know that they do not belong."). Therefore, this case should be dismissed, not transferred.

### III. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

#### A. MCom Fails to Articulate How the Complaint Pleads Sufficient Facts to Make Direct Infringement Plausible.

MCom's Complaint alleges that (1) a "[w]idget catalog" and (2) "personal preferences" constitute the claimed "transaction usage data" of claim 13. Dkt. 1-1 at 9. However, mCom's opposition fails to even address the "widget catalog" originally asserted in the Complaint. *See* Dkt. 20 at 5-7. Therefore, there is no dispute that it is implausible for the "widget catalog" referenced in the Complaint to constitute the claimed "transaction usage data" essential for stating a claim of infringement of claim 13.

With respect to the "personal preferences" excerpted in mCom's claim chart, mCom argues that "mCom's chart explains that user personal preference information may be used for targeted marketing" and that "[t]he chart shows evidence that such marketing may be in the form of

'targeted sales campaigns' conducted 'in real time' when the user initiates a transaction by logging into an app or via other e-banking touchpoint[.]" Dkt. 20 at 6. However, mCom's assertion is not supported by the citations provided in mCom's memorandum. MCom's memorandum cites page 10 of its claim chart as supposedly "show[ing] evidence" regarding "the user initiat[ing] a transaction by logging into an app or via other e-banking touchpoint," but page 10 of the claim chart provides no such information. *See* Dkt. 1-1 at 10. Moreover, page 10 of mCom's claim chart is not even directed to the "transactional usage data" element of claim 13. Instead, page 10 of the claim chart is directed to "[an] active session" element that does not recite "transactional usage data." *See id.* Thus, mCom is unable to identify any factual allegations in its Complaint that make it plausible that Backbase's Omni-Channel Digital Banking Platform includes "a data storage device, *wherein transactional usage data associated with a transaction initiated by a user through one of said e-banking touchpoints is stored in said data storage device and accessed by one or more of said other e-banking touch points*," as recited in claim 13.

In a tacit admission that mCom recognizes that the allegations asserted in the Complaint fail to state a claim, mCom's opposition memorandum resorts to arguing that new, previously uncited portions of the Backbase Marketing Brochure make it plausible that the "transactional usage data" element is satisfied. Dkt. 20 at 5. In particular, mCom cites a section of the Marketing Brochure regarding "[a]ccounts and transactions," which is a section of the Marketing Brochure that mCom did not include in the claim chart of mCom's Complaint. *See* Dkt. 20 at 5-6 (referring to "[a]ccounts and transactions" section of Dkt. 20 at 4). Not only was this section of the Backbase Marketing Brochure not relied upon in the Complaint, it also does not describe the "[w]idget catalog" or "[p]ersonal preferences," which are the specific features of the Omni-Channel Digital Banking Platform asserted in the Complaint as constituting the claimed "transaction usage data." *See* Dkt. 1-1 at 9. Therefore, mCom is now arguing something *different* than what it alleged in its Complaint, which is improper. *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) ("The relevant inquiry under *Iqbal/Twombly* is whether the factual allegations *in the complaint* are sufficient to show that the plaintiff has a plausible claim for relief." (emphasis

7

added)).

Therefore, the Complaint fails to plead facts that articulate why it is plausible that Backbase performs each and every element of at least one claim of the '508 Patent. Because mCom has failed to state a plausible claim of direct infringement, mCom's claim of direct infringement should be dismissed.

### B. MCom's Induced Infringement Allegations Fall Along with Its Direct Infringement Allegations.

MCom does not dispute that its claim of induced infringement cannot stand if the Court finds that mCom failed to state a claim of direct infringement. *See* Dkt. 20 at 7-8. Therefore, mCom's induced infringement claim should be dismissed along with its direct infringement claim.

### C. MCom Fails to Address Backbase's Two Arguments regarding the Contributory Infringement Claim.

Backbase's opening memorandum explains that mCom's claim of contributory infringement should be dismissed because it fails along with its direct infringement claim and for two additional reasons: (1) the Complaint fails to allege and plead facts that Backbase's Omni-Channel Banking Platform has no substantial noninfringing uses; and (2) the Complaint fails to allege and plead facts that Backbase's Omni-Channel Banking Platform is a material part of the invention of the '508 Patent. *See* Dkt. 15 at 9.

MCom does not address either of these two issues. Instead, the entirety of mCom's argument is the following single sentence: "mCom disagrees because Backbase has been put of [sic] sufficient notice of mCom's allegations of infringement, including its allegations with respect to contributory infringement." Dkt. 20 at 8. MCom's single-sentence assertion is not responsive to Backbase's arguments. Accordingly, mCom has failed to rebut Backbase's arguments, and the Court should dismiss mCom's claim of contributory infringement.

### IV. CONCLUSION

For these reasons and those discussed in Backbase's opening memorandum, the Complaint should be dismissed for improper venue and for failure to state a claim.

Respectfully submitted this 17th day of June, 2022.

/s/ N. Andrew Crain
N. Andrew Crain (*pro hac vice*)
Georgia Bar No. 193081
*a.crain@thip.law*
Robert D. Gravois (*pro hac vice*)
Georgia Bar No. 600183
*r.gravois@thip.law*
**THOMAS HORSTEMEYER LLP**
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339
Telephone:  770.933.9500
Facsimile:  770.951.0933

*Attorneys for Defendant Backbase U.S.A. Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCOM IP, LLC, | |
| Plaintiff, | |
| v. | No. 1:22-cv-02046-CM |
| BACKBASE U.S.A. INC., | |
| Defendant. | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2022, the foregoing was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record.

/s/ N. Andrew Crain_____
N. Andrew Crain