# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MCOM IP, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>BACKBASE U.S.A. INC.,<br><br>      Defendant. | CIVIL ACTION NO.<br>1:23-cv-02145-LMM |

**BACKBASE U.S.A. INC.'S MEMORANDUM IN SUPPORT OF ITS RENEWED PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

## TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1

II. FACTUAL BACKGROUND .....................................................................................2

III. mCOM'S PRELIMINARY INFRINGEMENT CONTENTIONS ARE INCORPORATED BY REFERENCED BY THE COMPLAINT. .....................................3

IV. THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM OF PATENT INFRINGEMENT AS TO CLAIMS 14 AND 17. ...........................................................................................................4

    A. The Complaint Fails to State a Claim of Direct Infringement Under § 271(a) Because It Fails to Plead Facts That Would Make Infringement Plausible. ..............................................................................6

    B. The Complaint Fails to State a Claim of Induced Infringement Under § 271(b) Because The Inducement Allegations Are Based Upon Its Deficient Direct Infringement Allegations. ..........................10

    C. The Complaint's Allegations, Even If True, Fail To State a Claim of Contributory Infringement Under § 271(c). ....................................11

V. CONCLUSION......................................................................................................13

i

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................. 4, 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................. 5

*Bot M8 LLC v. Sony Corp. of Am.,* 4 F.4th 1342 (Fed. Cir. 2021) .......................... 5

*Bryant v. Avado Brands, Inc.*, 187 F.3d 1271 (11th Cir. 1999) ................................ 5

*Day v. Taylor*, 400 F.3d 1272 (11th Cir. 2005) ......................................................... 3

*Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263 (Fed. Cir. 2004) ................................................................................................... 10, 11

*Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312 (Fed. Cir. 2009) ................ 6

*Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321 (Fed. Cir. 2010) ................................. 12

*Implicit LLC v. Home Depot U.S.A., Inc.*, No. 1:22-cv-02476-VMC, 2023 U.S. Dist. LEXIS 98821 (N.D. Ga. June 6, 2023) ......................................... 5

*Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, 45 F. Supp. 3d 1311 (M.D. Fla. 2014) ................................................................................ 11

*Madura v. Bank of Am., N.A.*, 767 Fed. Appx. 868 (11th Cir. 2019) ....................... 3

*Mee Indus. v. Dow Chem. Co.*, 608 F.3d 1202 (11th Cir. 2010) ...................... 10, 11

**STATUTES**

35 U.S.C. § 271(a) .................................................................................................... 6

35 U.S.C. § 271(b) .................................................................................................. 10

35 U.S.C. § 271(c) ............................................................................................ 11, 12

**RULES**

Rule 12(b)(6) ......................................................................................................... 2, 4

iii

## LIST OF EXHIBITS

Exhibit A    mCom's Preliminary Infringement Contentions

## I. INTRODUCTION

Plaintiff mCom IP, LLC's ("mCom") Complaint should be dismissed under Rule 12(b)(6) because it fails to state a claim of patent infringement as it pertains to two of the four patent claims of the patent-in-suit asserted against Defendant as infringed. Relying only upon a single high-level Backbase marketing document, the Complaint alleges that Backbase's software satisfies *each and every* element required by Claims 14 and 17 (which are addressed in mCom's Preliminary Infringement Contentions incorporated by reference into the Complaint of the patent-at-issue). However, there are no factual allegations in the Complaint that make it plausible that a Backbase software satisfies at least a claim element involving "transactional usage data" recited in either of Claims 14 or 17 of the asserted U.S. Patent No. 8,862,508 ("the '508 Patent")

More specifically, this motion to dismiss focuses on Claims 14 and 17 in part because they directly depend from independent Claim 13, which was the subject of this motion to dismiss pending before the Southern District of New York. *See* Docs. 14 and 15. Because the same reasons for dismissal that apply to Claim 13, which has since been deemed unpatentable by the U.S. Patent & Trademark Office, also apply to dependent Claims 14 and 17, this motion to dismiss is specifically renewed as to those claims so as to narrow the issue before this court, as only Claims 2 and 8 will

remain thereafter if this motion is granted. Thus, because the Complaint fails to plead factual allegations that articulate why it is plausible that either of Claims 14 or 17 are infringed, these claims should be dismissed under Rule 12(b)(6) for failure to state a claim.

## II. FACTUAL BACKGROUND

mCom filed its Complaint in this action on March 11, 2022 alleging infringement of the '508 Patent. Doc. 1. The Complaint alleges Backbase directly and indirectly infringes the '508 Patent under 35 U.S.C. §§ 271(a)-(c). *See id.* at ¶¶ 6-12. Incorporated by reference into the Complaint is a claim chart (Doc. 1-1) that purports to map limitation of independent Claim 13 of the '508 Patent to content from a Backbase Marketing Brochure for Backbase's Omni-Channel Digital Banking Platform ("the Marketing Brochure"); *see* Doc. 15.1. Also referenced in the Complaint is mCom's Preliminary Infringement Contentions, which similarly reference Backbase's Marketing Brochure to map limitations of the '508 Patent's other claims, specifically dependent Claims 2, 8, 14, and 17. *See* Exhibit A, Preliminary Infringement Contentions; *see also* Doc. 1, ¶ 9.

The Patent Trial & Appeal Board of the United States Patent and Trademark Office undertook *Inter Partes* Review proceedings of all claims of the '508 Patent except for dependent Claims 2, 8, 14, and 17. On February 8, 2023, the PTAB

deemed the '508 Patent's challenged claims unpatentable, leaving only dependent Claims 2, 8, 14, and 17 of the '508 Patent—the Remaining Claims—in effect. *See* Doc. 33, ECF p. 1. Hence, only the Remaining Claims are in dispute. And only Claims 14 and 17 are subject of this Motion to Dismiss because they depend from Claim 13—which was the original claim at issue in this motion to dismiss—and therefore contain the same fatal flaw as Claim 13.

### III. mCom's Preliminary Infringement Contentions Are Incorporated By Referenced By the Complaint.

While the Court's consideration of a Rule 12(b)(6) motion to dismiss typically is "limited to the face of the complaint,"

> [a] district court may also consider documents referenced in the complaint, even if they are not physically attached, if the documents are (1) central to the complaint and (2) no party questions their authenticity. A document is central to a complaint when it is a "necessary part of [the plaintiff's] effort to make out a claim." Under those circumstances, the district court may consider the documents without converting the motion to dismiss into a motion for summary judgment.

*Madura v. Bank of Am., N.A.*, 767 Fed. Appx. 868, 870 (11th Cir. 2019); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

In paragraph 9 of the Complaint, mCom indicated that "[s]upport for [its] allegations of infringement may be found in the ***preliminary*** exemplary table attached as Exhibit A." Doc. 1.1, ¶ 9 (emphasis added). This specifically incorporated by reference mCom's claim chart (*see* Doc. 1.1) mapping the limitation

independent Claim 13 of the '508 Patent. *See* Doc. 1.1. However, paragraph 9 also states that the allegations detailed in the incorporated claim chart are merely "preliminary" and are "subject to change." Doc. 1.1, ¶ 9.

Hence, mCom's allegations of infringement detailed by its own Preliminary Infringement Contentions (Exhibit A) became "central to the complaint" in that its Preliminary Infringement Contentions (i) supplement its already incorporated allegations of infringement premised upon independent Claim 13, particularly as it relates to its dependent Claims 14 and 17 and (ii) independently detail allegations of infringement of the Remaining Claims (and their respective independent claims) as evidenced by additional unique citations to Backbase's Marketing Brochure.

Therefore, the Court is free to consider this Rule 12(b)(6) Motion to Dismiss for mCom's Failure to State a Claim without converting it into a Motion for Summary Judgment.

IV.  **THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM OF PATENT INFRINGEMENT AS TO CLAIMS 14 AND 17.**

Rule 12(b)(6) requires a complaint to be dismissed where it fails to state a claim upon which relief can be granted. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw a reasonable inference that the defendant is liable for conduct alleged. *Id.* (*citing Twombly*, 550 U.S. at 556).

The *Iqbal/Twobly* pleading standard applies to claims of patent infringement. *See Bot M8 LLC v. Sony Corp. of Am.,* 4 F.4th 1342, 1352-53 (Fed. Cir. 2021) (*applying Iqbal*, 556 U.S. 662, *and Twombly*, 550 U.S. at 570). Thus, to survive a motion to dismiss, a complaint for patent infringement must contain sufficient factual allegations "that, when taken as true, articulate why it is plausible that the accused product infringes [at least one] patent claim." *Bot M8*, 4 F.4th at 1353. The level of factual detail required to plead patent infringement "will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id.*

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in light most favorable to the plaintiff." *Implicit LLC v. Home Depot U.S.A., Inc.*, No. 1:22-cv-02476-VMC, 2023 U.S. Dist. LEXIS 98821, at *6 (N.D. Ga. June 6, 2023) (*citing Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999)). However, this principle

does not apply to legal conclusions set forth in the complaint. *Iqbal*, 556 U.S. at 678.

### A. The Complaint Fails to State a Claim of Direct Infringement Under § 271(a) Because It Fails to Plead Facts That Would Make Infringement Plausible.

Direct infringement occurs when one "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States, any patented invention during the term of the patent therefor[.]" 35 U.S.C. § 271(a). Direct infringement "requires a party to perform each and every step or element of a claimed method or product." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1320 (Fed. Cir. 2009). mCom fails to state a claim of direct infringement because the Complaint fails to plead facts that, even when taken as true, articulate why it is plausible that Backbase performs each and every element of Claims 14 and 17 of the '508 Patent.

As alleged support for mCom's direct infringement allegations, the Complaint incorporates a claim chart (Doc. 1.1) and refers to mCom's Preliminary Infringement Contentions (Exhibit A) that purportedly map the elements of the Claims 14 and 17 to content in the Marketing Brochure for Backbase's Omni-Channel Digital Banking Platform. *See* Doc. 1, ¶¶ 9-10. However, the factual allegations in the Complaint fail to articulate why it is plausible that each and every element of Claims 14 and 17 are present.

Claims 14 and 17 both require (among other things) "a data storage device, *wherein transactional usage data associated with a transaction initiated by a user through one of said e-banking touchpoints is stored in said data storage device and accessed by one or more of said other e-banking touch points[.]*" Doc. 1.2 at 10:56-60 (emphasis added). Accordingly, to state a claim of direct infringement, the Complaint must articulate facts sufficient to make it plausible that Backbase's Omni-Channel Digital Banking Platform includes "transactional usage data" that is, among other things, (1) "associated with a transaction initiated by a user through [an] e-banking touch point[]" and (2) "accessed by one ore more of said other e-banking touch points[.]" *Id*. However, the Complaint fails to allege any such facts, as set out in Defendant's initial motion to dismiss with respect to Claim 13, which is the independent claim from which Claims 14 and 17 depend and therefore contain the same fatal defect as identified in Claim 13 in Defendant's initial motion to dismiss. *See* Docs. 14 & 15.

Instead, for the "transactional usage data" element of Claims 14 and 17, the claim chart incorporated into the Complaint includes an annotated excerpt of Backbase's Marketing Brochure, shown below, identifying two specific statements from the Marketing Brochure:

7

> - Widget catalog for storing and managing existing and new apps.
>
> - Personal preferences remembered for every device so customers can easily navigate to their personal dashboard, optimized for the relevant device.

Doc. 1.1, p. 9 (blue-box annotation in original). However, neither of these statements make the Complaint's allegations plausible.

First, with respect to the statement in the Marketing Brochure regarding "[w]idget catalog for storing and managing existing and new apps," *a catalog of application widgets* cannot plausibly constitute the "transactional usage data" recited in Claims 14 and 17. It is not plausible for a catalog of widgets (*i.e.,* software components) to constitute "transaction usage data, much less "transaction usage data" that is (1) "associated with a transaction initiated by a user through [an] e-banking touch point[]" and (2) "accessed by one or more of said other e-banking touch points," as required by Claims 14 and 17. Moreover, the Complaint, claim chart, and Preliminary Infringement Contentions do not articulate how it maybe plausible for a catalog of widgets to constitute the "transaction usage data" of Claims 14 and 17. *See* Doc. 1.1, p. 9. Thus, the first statement cited in the Complaint fails to make mCom's allegations of infringement plausible.

The second statement regarding "personal preferences" also fails to make to

8

make the Complaint's allegations plausible. The second statement, as shown in the excerpt above, reads: "Personal preferences remembered for every device so customers can easily navigate to their personal dashboard, optimized for the relevant device." Doc. 1.1, p. 9. But there is nothing in this statement that supports an inference that the "personal preferences" referenced in this statement is "transactional usage data associated with *a transaction initiated by a user through [an] e-banking touch point*" and that it is also "transactional usage data … accessed by one ore more *other e-banking touch points*," as required by Claims 14 and 17.

mCom may attempt to point to page 10 of its claim chart—they have done so previously, *see* Doc. 20, ECF p. 6—as supposedly showing evidence of "the user intiat[ing] a transaction by logging into an app or via other e-banking touchpoint." *See* Doc. 1.1, p. 10. But page 10 of the claim chart provides no such information. In fact, it is not even direct to the "transactional usage data" element of Claims 14 and 17, but instead concerns an "active session" element which in no way contemplates "transactional usage data."

Even assuming that the personal preferences referenced in the Marketing Brochure were transactional usage data (they are not), the Complaint has not articulated any facts that would make it plausible that the personal preferences are (1) associated with a transaction initiated by a user through a e-banking touch point

9

and (2) accessed by one or more other touch points. *See* Doc. 1.1, p. 9. Thus, it is not plausible that the "transactional usage data" claim element is met by the personal preferences referenced in the Marketing Brochure and cited in the Complaint.

Therefore, mCom's Complaint fails to plead facts that, when taken as true, articulate why it is plausible that Backbase performs each and every element of at least one of the '508 Patent's claims. mCom's claim for direct infringement of Claims 14 and 17 should therefore be dismissed under Rule 12(b)(6).

### B. The Complaint Fails to State a Claim of Induced Infringement Under § 271(b) Because The Inducement Allegations Are Based Upon Its Deficient Direct Infringement Allegations.

Induced infringement is a form of indirect infringement and occurs when a defendant induces another to directly infringe a patent. 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer."). "A finding of inducement requires a threshold finding of direct infringement[.]" *Mee Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1215 (11th Cir. 2010) (*citing Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1277 (Fed. Cir. 2004)).

In the present case, mCom's Complaint relies on deficient allegations of direct infringement, as detailed above. Doc. 1, ¶ 10 ("For clarity, direct infringement is previously alleged in this complaint."). Consequently, mCom's claim of induced infringement under § 271(b) fails along with its claim for direct infringement under

§ 271(a). *Dynacore Holdings*, 363 F.3d at 1277 (finding that a party's "failure to prove direct infringement…necessarily dooms its allegations of indirect infringement, because absent direct infringement of the claims of the patent, there can be neither contributory infringement nor inducement of infringement"); *see also Mee Indus.*, 608 F.3d at 1216 ("[T]here can be no indirect infringement in the absence of some direct infringement[.]").

### C. The Complaint's Allegations, Even If True, Fail To State a Claim of Contributory Infringement Under § 271(c).

Contributory infringement occurs when one:

> …offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use[.]

35 U.S.C. § 271(c). To state a claim for contributory infringement, the patent owner must plead facts "showing that (1) there is direct infringement, (2) the accused infringer had knowledge of the patent, (3) the component has no substantial noninfringing uses, and (4) the component is a material part of the invention." *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, 45 F. Supp. 3d 1311, 1324 (M.D. Fla. 2014) (*citing Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir.

2010)).

For its claim of contributory infringement, the Complaint again relies upon its deficient allegation of direct infringement. *See* Doc. 1, ¶ 11 ("For clarity, direct infringement is previously alleged in this complaint."). Therefore, the claim for contributory infringement under § 271(c) should be dismissed for failure to plead an underlying claim of direct infringement.

Additionally, the Complaint fails to allege (much less plead facts to support such an inference) that Backbase's Omni-Channel Banking Platform has (1) no substantial noninfringing uses and (2) that it is a material part of the invention the '508 Patent. Instead, the entirety of the Complaint's allegations of contributory infringement consists of the following conclusory assertion:

> Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., construction of unified banking system) and related services that provide unified banking systems such as to cause infringement of one or more of claims 1–20 of the '508 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '508 patent and the technology underlying it from at least the filing date of the lawsuit. For clarity, direct infringement is previously alleged in this complaint.

Doc. 1, ¶ 11 (footnote omitted). These allegations do not address the elements of (1) no substantial noninfringing uses and (2) materiality of the component. Therefore, the Complaint fails to state a claim of contributory infringement under § 271(c).

## V. CONCLUSION

Therefore, the Complaint should be dismissed pursuant to Rule 12(b)(6) as it pertains to Claims 14 and 17 of the '508 Patent because it fails to state a claim of patent infringement under 35 U.S.C. §§ 271(a)-(c) as to these two claims.

Respectfully submitted this 30th day of June, 2023.

/s/N. Andrew Crain
N. Andrew Crain
Georgia Bar No. 193081
a.crain@thip.law
Paul Joseph Spina IV
Georgia Bar No. 839522
p.spina@thip.law
**THOMAS HORSTEMEYER LLP**
3200 Windy Hill Road SE, Suite 1600E
Atlanta, Georgia 30339
Telephone: 770.993.9500
Facsimile: 770.951.0933

*Attorneys for Defendant Backbase U.S.A. Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MCOM IP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BACKBASE U.S.A. INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:23-cv-02145-LMM |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2023, the foregoing was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record. By separate email, the undersigned also represents that a copy has been emailed to:

William P. Ramey, III
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
wramey@rameyfirm.com

Kyril Talanv
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
ktalanov@rameyfirm.com

14

David J. Hoffman
Hoffman Law
254 W. 15th Street, Apt 2C
New York, NY 10011
djhoffman@djhoffmanlaw.com

Respectfully submitted,

/s/N. Andrew Crain
N. Andrew Crain
Georgia Bar No. 193081
a.crain@thip.law
Paul Joseph Spina IV
Georgia Bar No. 839522
p.spina@thip.law
**THOMAS HORSTEMEYER LLP**
3200 Windy Hill Road SE, Suite 1600E
Atlanta, Georgia 30339
Telephone: 770.993.9500
Facsimile: 770.951.0933

*Attorneys for Defendant Backbase U.S.A. Inc.*