## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **MCOM IP, LLC,**<br><br>     **Plaintiff,**<br><br>**v.**<br><br>**BACKBASE U.S.A. INC.,**<br><br>          **Defendant.** | **Civil Action No. 1:23-cv-02145-LMM**<br><br><br>**Jury Trial Demanded** |

### PLAINTIFF'S RESPONSE TO BACKBASE U.S.A. INC.'S
### RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM[1]

mCom IP, LLC ("mCom") files this Response to Backbase U.S.A. Inc.'s ("Backbase") Renewed Motion to Dismiss For Failure to State a Claim ("Motion") respectfully showing the Court that it should be denied as mCom has plausibly plead a claim for direct, contributory and induced infringement. In the alternative, mCom asks for leave to amend its allegations in the complaint.

## I.    INTRODUCTION

Backbase's accusation that mCom has failed to plausibly plead infringement is unfounded.  Blackbase's sole basis for its misguided argument is that mCom has allegedly failed to provide any factual allegations concerning the "transactional

---

[1] Doc. 47-1 ("Motion").

usage data" element in the exemplary claims 14 and 17 (which depend from claim 13).[2] On the contrary, the same publicly available Backbase document specifically referenced and linked in mCom's claim chart discusses access to transaction data through e-banking touchpoints and a data storage device for storing the transaction data.[3] Thus, Backbase's 12(b)(6) motion should be denied because with all reasonable inferences made in mCom's favor, mCom has plausibly plead direct infringement. In the alternative, mCom asks for leave to amend.

Backbase's accusation that mCom has failed to plausibly plead induced infringement are likewise unconvincing. For the most part, it is based on the same misguided allegation that Backbase has failed to plead the underlying direct infringement claim. As explained above, Backbase's accusation has no merit. Additionally, with respect to contributory infringement, Backbase complains that mCom's pleadings fail to allege noninfringing use and material part of the invention requirements. mCom disagrees because Backbase has been put of sufficient notice of mCom's allegations. Thus, Backbase's 12(b)(6) motion with respect to indirect and willful infringement should be denied. In the alternative, mCom asks for leave to amend.

## II.    LEGAL STANDARD

---

[2] Motion at 5.
[3] Doc. No. 15-1.

"The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Panasonic Corp. v. Magna Int'l., Inc.*, 6:21-cv-00319-ADA, 2022 WL 174513, at *1 (W.D. Tex. Feb 20, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Plaintiff is not required to provide evidence of infringement at the pleading stage beyond "stat[ing] a claim to relief that is plausible on its face." *Id.* "Courts will not dismiss a claim unless the plaintiff 'would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint.'" *Id.* (quoting *Slyce Acquisition, Inc. v. Syte – Visual Conception, Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019)). Based upon the assumption that all the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. When the nonmovant pleads factual content that allows the court to reasonably infer that the movant is liable for the alleged misconduct, then the claim is plausible on its face. *Iqbal*, 556 U.S. at 678. "A plaintiff is not required to plead infringement on an element-by-element basis". *Bot M8 LLC v. Sony Corporation of America*, 4 F 4th 1342 at 1352 (Fed. Cir. 2021).

"Claim construction at the pleading stage – with no claim construction processes undertaken – [is] inappropriate." *Id.* (quoting *In re Bill of Landing Transmission & Process Sys. Pat. Litig.*, 681 F.3d 1323, 1343 n.13 (Fed. Cir. 2012)

(internal quotations omitted).

## III.   ARGUMENT

### A.   The Court Should Deny Backbase's 12(b)(6) Motion to Dismiss For Failure to State A Claim Because mCom Has Plausibly Plead Direct Infringement

Backbase complains that mCom has failed to plead facts that would make infringement plausible.[4]   Backbase's sole accusation that the "transactional usage data" element is not sufficiently supported by the evidence presented in mCom's claim chart[5] is meritless.[6]   On the contrary, the very <u>same</u> Backbase document which Backbase admits was cited in the claim chart and has, in fact, attached to its previous Motion to Dismiss[7] provides the evidence for the above limitation that Backbase contends is missing.[8]

First, Backbase complains with reference to the claim chart,[9] that a widget catalog for storing and managing existing and new apps," does not show that "transactional usage data" as recited in claims 14 and 17.[10]   On the contrary, "transactional usage data" first recited in claim 13 is shown.   The Backbase document cited in the claim chart shows, for example, that a customer (i.e., user)

---

[4] Motion at 10.
[5] Defendant relies on mCom's claim chart that was served with Infringement Contentions on June 22, 2022.  See Doc. No. 47-2.
[6] *Id.* at 11.
[7] Doc. No. 15.
[8] Motion at 11-12; Doc. No. 15-1 (Backbase document).
[9] See Doc. No. 47-2.
[10] Motion at 12.

may see "any transaction" (i.e., transactional usage data) and to track completed and pending transactions at ATM visits (i.e., e-banking touchpoint).[11]  Moreover, a user may "dive into transaction details with strong filtering options, integrated maps, plus tagging and categorization tools."[12]



Thus, Backbase accusation that mCom has "failed to allege any facts" to plausibly support this claim element is completely unfounded. Accordingly, Backbase's motion to dismiss direct infringement claim should be denied on this basis alone.

Backbase next complains that "personal preferences" cannot be "transactional usage data associated with a transaction initiated by a user".[14] Although the above

---

[11] Doc. No. 15-1 at 4.
[12] Id.
[13] Id.
[14] Motion at 13.

evidence alone destroys Backbase's meritless accusations, Backbase is also wrong with respect to this accusation. mCom's chart explains that user personal preference information may be used for targeted marketing in connection with a user transaction at an e-banking touchpoint.[15] The chart shows evidence that such marketing may be in the form of "targeted sales campaigns" conducted "in real time" when the user initiates a transaction by logging into an app or via other e-banking touchpoint:



---

[15] Doc. No. 1-1 at 10.

The inherent value of the Backbase platform is that it brings
IT and the business together, enabling more rapid and agile
collaboration models. Content update, and targeted sales
campaigns can be created in hours and can go live immediately.
Onboarding and self-service apps can be rapidly built, seamlessly
deployed and easily changed, all without the need for deep
coding. Backbase empowers agile teams to innovate at the
speed of digital.                                              16

For this additional reason, mCom has plausibly plead direct infringement.

Backbase asserts that the described transactions details is not a disclosure of transactional usage data, and instead is an active session which allegedly is not transactional usage data.[17] Here, Backbase is impermissibly using claim construction prior to any Markman hearing or briefing on claim construction.  As the Federal Circuit has held, where a motion to dismiss hinges on disputed issues of claim construction, "[i]t is not appropriate to resolve these disputes…on a Rule 12(b)(6) motion, without the benefit of claim construction." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018). Regardless, mCom has adequately pleaded infringement.

Backbase's motion to dismiss should be denied. In the alternative, Backbase asks the Court for leave to amend the complaint.

### C.  The Court Should Deny Backbase's 12(b)(6) Motion to Dismiss For Failure to State A Claim Because mCom Has Plausibly Plead Induced and Contributory Infringement

---

[16] *Id.*
[17] Motion at 13.

As discussed above, mCom has plausibly plead direct infringement. Backbase's arguments that the claims for induced infringement should be dismissed for failure to plausibly plead the underlying direct infringement[18] are therefore meritless. Accordingly, the Court should deny Backbase's motion to dismiss mCom's induced infringement claims. In the alternative, mCom asks for leave to amend.

Additionally, with respect to contributory infringement, Backbase contends that mCom has failed to allege the no substantial noninfringing use and the material part of invention requirements.[19]  mCom disagrees because Backbase has been put of sufficient notice of mCom's allegations of infringement, including its allegations with respect to contributory infringement. Thus, Backbase's 12(b)(6) motion with respect to indirect and willful infringement should be denied. In the alternative, mCom asks for leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, mCom respectfully asks the Court to deny Backbase's Motion to dismiss in its entirety.  Alternatively, to the extent the Court grants the Motion or any part thereof, mCom asks that the Court do so without prejudice and allow mCom leave to amend its pleadings.  mCom also asks the Court

---

[18] *Id*. at 14-15.
[19] *Id*. at 15-16.

for separate leave to conduct venue discovery.

Respectfully submitted,

THE DUCOS LAW FIRM, LLC
Alexander Shunnarah Trial Attorneys, of Counsel.

/s/ Kristina Ducos
Kristina Ducos
Georgia State Bar No. 440149
600 Peachtree St., NE Suite 3710
Atlanta, Georgia 30308
(404) 469-9574 Telephone
(678) 591-7512 Telephone
(470) 220-5130 Facsimile
kducos@asilpc.com

William P. Ramey, III (*Pro Hac Vice anticipated*)
Ramey LLP
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Attorneys for mCom IP, LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and LR5, I hereby certify that all counsel of record who have appeared in this case are being served on this day of July 31, 2023, with a copy of the foregoing via ECF filing.

/s/ Kristina Ducos

Kristina Ducos