IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MCOM IP, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>BACKBASE U.S.A. INC.,<br><br>      Defendant. | CIVIL ACTION NO.<br>1:23-cv-02145-LMM |

**<u>REPLY MEMORANDUM IN SUPPORT OF BACKBASE U.S.A. INC.'S RENEWED PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................1

II. DISMISSAL OF CLAIMS 14 AND 17 IS APPROPRIATE ..........................1

   A.  *mCom Fails to Articulate How the Complaint Pleads Sufficient Facts to Make Direct Infringement of Claims 14 & 17 Plausible* ...............1

   B.  *mCom's Induced Infringement Allegations Fail Along with its Direct Infringement Allegations* ...................................................................5

   C.  *mCom Fails to Address Backbase's Two Arguments Regarding the Contributory Infringement Claim* ............................................................5

III. CONCLUSION....................................................................................................6

i

# TABLE OF AUTHORITIES

**CASES**

*Bot M8 LLC v. Sony Corp. of Am.*¸ 4 F.4th 1342 (Fed. Cir. 2021)............................4

## I. INTRODUCTION

In addition to being untimely,[1] mCom's Response cites to nothing in its Complaint or in its claim chart for Claims 14 or 17 that comes close to corresponding to the limitation of "a data storage device, wherein transactional usage data associated with a transaction initiated by a user through one of said e-banking touchpoints is stored in said data storage device and accessed by one or more of said other e-banking touch points" in those claims (by virtue of their dependence on independent Claim 13). Instead, mCom merely handwaves at other portions of its claim charts. But in so doing, mCom still points to nothing that discloses any such "data storage device" or "transactional usage data associated with a transaction initiated by a user through [an] e-banking touchpoint[]" that is "stored in [the] data storage device" *and* "accessed by one or more *other* e-banking touch points." Thus, Backbase's Partial Motion to Dismiss should be granted.

## II. DISMISSAL OF CLAIMS 14 AND 17 IS APPROPRIATE

### *A. mCom Fails to Articulate How the Complaint Pleads Sufficient Facts to Make Direct Infringement of Claims 14 & 17 Plausible*

Regarding the "personal preferences" excerpt from mCom's infringement contentions claim chart that mCom represents as corresponding to the "data storage

---

[1] Pursuant to this Court's Order (Doc. 49), mCom's Response was due by July 28, 2023 but was filed without leave on July 31, 2023. Doc. 53.

device" limitation in each of asserted Claims 14 and 17 (by virtue of their dependance on unasserted Claim 13), mCom argues that its "chart explains that user personal preference information may be used for targeted marketing." Doc. 53, ECF p. 6. mCom additionally contends that "[t]he chart shows evidence that such marketing may be in the form of 'targeted sales campaigns' conducted 'in real time' when the user initiates a transaction by logging into an app or via other e-banking touchpoint[.]" *Id.*

However, even giving mCom the benefit of any inference that may be drawn from those statements, they still have nothing to do with "a data storage device, wherein transactional usage data associated with a transaction initiated by a user through one of said e-banking touchpoints is stored in said data storage device and accessed by one or more of said other e-banking touch points," as claimed in Claims 14 and 17 (via unasserted independent Claim 13). mCom makes no association nor provides any explanation supporting how such personal preferences supposedly disclose this claim limitation or make any such assertion thereabout in its Complaint plausible.

Perhaps recognizing its lack of support for this claim element, mCom cites back to the initial claim chart supplied with the Complaint (Doc. 1-1) as supposedly "show[ing] evidence" regarding "the user initiat[ing] a transaction by

2

logging into an app or via other e-banking touchpoint." Doc. 53 at 6 (citing Doc. 1-1 at ECF p. 10). But again, the referenced content from mCom's initial claim chart accompanying its Compliant is not even directed to the "data storage device" or "transactional usage data" elements at issue here. Instead, mCom's reference back to its initial claim chart is to a completely different claim element—"[an] active session" element—that does not even recite "data storage device" or "transactional usage data." *See id.* mCom's misdirection is nothing but a misguided distraction in attempt to conceal the glaring omission of any component in the accused product corresponding to the claimed "data storage device" or "transactional usage data."

Perhaps as a tacit admission indicating that mCom recognizes that the allegations asserted in its Complaint fail to state a claim, mCom's Response resorts to arguing that new, previously uncited portions of the Backbase Marketing Brochure allegedly make it plausible that the "transaction usage data" element is satisfied. Doc. 53, ECF p. 4-5. In particular, mCom cites a section of the Marketing Brochure regarding "[a]ccounts and transactions." *See id.* (citing Doc. 15-1 at 4). Not only was this section of the Backbase Marketing Brochure (Doc. 15-1) not relied upon in the Complaint, but it also does not describe the "[w]idget catalog" or "[p]ersonal preferences," which are the specifics of the Omni-Channel Digital Banking Platform asserted in the Complaint as constituting the claimed

3

"transactional usage data." Doc. 1-1, ECF p. 9. Plus, mCom is now arguing something *different* than what it alleged in its Complaint, which is improper. *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) ("The relevant inquiry under *Iqbal/Twombly* is whether the factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.") (emphasis added).

Further still, mCom's contention that Backbase is "impermissibly using claim construction" within the context of its Motion to Dismiss is inaccurate. *See* Doc. 53, ECF. p. 7. First, mCom identifies no term in the '508 Patent that is allegedly being construed. Second, to the extent that mCom alleges that Backbase is construing either of the terms "active session" or "transactional usage data," mCom is mistaken.

Instead, Backbase merely references the "active session" element on page 10 of mCom's initial claim chart (Doc. 1-1), since mCom had previously contended that it allegedly showed evidence of "the user initiat[ing] a transaction by logging into an app or via other e-banking touchpoint," as supposedly corresponding to the "data storage device"/"transaction usage data" element on page 9 of that same chart. *See* Doc. 20 at ECF p. 6. The point of the reference was not to construe any claim term, as no term is actually construed. Instead, the point was to make clear

4

that nothing on *either* of pages 9 or 10 of mCom's initial claim chart (Doc. 1-1) discloses anything corresponding to the "data storage device"/"transaction usage data" element of Claims 14 and 17 of the '508 Patent by virtue of their dependence on unasserted Claim 13. For these reasons, because mCom has failed to state a plausible claim of direct infringement, mCom's claim of direct infringement of Claims 14 and 17 should be dismissed.

### B. mCom's Induced Infringement Allegations Fail Along with its Direct Infringement Allegations

mCom does not dispute that its claim of induced infringement cannot stand if the Court finds that mCom failed to state a claim of direct infringement. *See* Doc. 47-1, ECF p. 14-15. Therefore, mCom's induced infringement claims for Claims 14 and 17 of the '508 Patent should also be dismissed.

### C. mCom Fails to Address Backbase's Two Arguments Regarding the Contributory Infringement Claim

Backbase's opening memorandum explains that mCom's claim of contributory infringement should be dismissed because it fails along with its direct infringement claim and for two additional reasons: (1) the Complaint fails to allege and plead facts that Backbase's Omni-Channel Banking Platform has no substantial noninfringing uses; and (2) the Complaint fails to allege and plead facts

that Backbase's Omni-Channel Banking Platform is a material part of the invention of the '508 Patent. *See* Doc. 47-1, ECF p. 15.

mCom does not address either of these two issues. Rather, the entirety of mCom's argument is the following single sentence from its Response: "mCom disagrees because Backbase has been put of [sic] sufficient notice of mCom's allegations of infringement, including its allegations with respect to contributory infringement." Doc. 53, ECF p. 8. mCom's single-sentence assertion is not responsive to Backbase's arguments. Accordingly, mCom has failed to rebut Backbase's arguments, and the Court should dismiss mCom's claim of contributory infringement.

### III.  CONCLUSION

For these reasons and those discussed in Backbase's opening memorandum, Backbase's Partial Motion to Dismiss should be granted (as to Claims 14 & 17).

Respectfully submitted this 11th day of August, 2023.

*/s/N. Andrew Crain*
N. Andrew Crain
Georgia Bar No. 193081
a.crain@thip.law
Paul Joseph Spina IV
Georgia Bar No. 839522
p.spina@thip.law
**THOMAS HORSTEMEYER LLP**
3200 Windy Hill Road SE, Suite 1600E

Atlanta, Georgia 30339
Telephone: 770.993.9500
Facsimile: 770.951.0933

*Attorneys for Defendant Backbase U.S.A. Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MCOM IP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BACKBASE U.S.A. INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:23-cv-02145-LMM |

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2023, the foregoing was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record. By separate email, the undersigned also represents that a copy has been emailed to:

William P. Ramey, III
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
wramey@rameyfirm.com

Kyril Talanv
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
ktalanov@rameyfirm.com

8

David J. Hoffman<br>
Hoffman Law<br>
254 W. 15th Street, Apt 2C<br>
New York, NY 10011<br>
djhoffman@djhoffmanlaw.com

Respectfully submitted,

>  */s/N. Andrew Crain*
> N. Andrew Crain
> Georgia Bar No. 193081
> a.crain@thip.law
> Paul Joseph Spina IV
> Georgia Bar No. 839522
> p.spina@thip.law
> **THOMAS HORSTEMEYER LLP**
> 3200 Windy Hill Road SE, Suite 1600E
> Atlanta, Georgia 30339
> Telephone: 770.993.9500
> Facsimile: 770.951.0933
>
> *Attorneys for Defendant Backbase U.S.A. Inc.*